IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3034 |
| vs. | |
| BRENT BAILEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Brent Bailey's *pro se* filing that has been docketed as a notice of appeal (filing 50). The Clerk of the Court has advised the Court in a memo (filing 51) that the notice of appeal appears to be untimely, and has requested a ruling on the issue of its timeliness.

The Court sentenced Bailey to 156 months' imprisonment after he pleaded guilty to receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Bailey has written the Court to "request an appeal of [his] case or at the very least an appeal of [his] sentence." Filing 50 at 1. Bailey maintains that he "did not distribute, attempt to distribute and/or conspire to distribute anything[,]" and that he was therefore "wrongly charged, convicted[,] and sentenced . . . ." Filing 50 at 1.

**I. The Court Will Construe Bailey's Filing as a § 2255 Motion**

It is not clear to the Court whether Bailey is truly attempting to appeal his conviction and sentence, or if he is attempting to file a motion to vacate, set aside, or correct his sentence under § 2255. Although Bailey said that he was "writing to request an appeal[,]" filing 50 at 1, he has also asked that this Court, rather than the Court of Appeals, reverse his conviction or adjust his sentence. Substantively, that makes Bailey's request for relief more akin to a motion brought under § 2255. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a), "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original). Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The relief Bailey seeks falls within the scope of § 2255.[1] And while the word "appeal" is a legal term of art referring to the review of a decision by a higher court, *see Black's Law Dictionary* 112 (9th ed. 2009), the word is also used by laypersons to describe "a serious or urgent request[.]" *New Oxford American Dictionary* 73 (2d ed. 2005). It is not surprising that a *pro se* litigant might not appreciate the technical distinction between an "appeal" and a motion to the trial court for postconviction relief. It appears to the Court from an examination of Bailey's letter that he is asking this Court (not a higher court) to act, and the Court will not ignore that request based solely on Bailey's inexpert use of the word "appeal." Therefore, the Court will construe Bailey's request for relief as a motion brought under § 2255, unless the Court hears otherwise from Bailey.

Additionally, if Bailey's request is construed as a notice of appeal, it has arrived far too late. Judgment in this case was filed on September 20, 2012. Filing 44. Bailey's present request was filed on October 7, 2013. Filing 50. Pursuant to Federal Rule of Appellate Procedure 4(b), a criminal defendant's notice of appeal must be filed within 14 days of the entry of judgment. The Court may extend this deadline by an additional 30 days upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). Bailey's request for relief was filed far past both of those deadlines and, if construed as a notice of appeal, is untimely.

Construing Bailey's request as a § 2255 motion raises several new issues. First, it appears that even under the longer filing deadline applicable to § 2255 motions, Bailey may be too late. Second, the Court must warn Bailey of the consequences of filing a § 2255 motion and provide him an opportunity to amend or withdraw his motion.

For the time being, and for its own administrative purposes, the Court will treat Bailey's request as a § 2255 motion. Therefore, the Clerk of the Court is directed to redesignate filing 50 as a § 2255 motion. If, as the Court

---

[1] That is not to say that Bailey has raised valid grounds for relief under § 2255, or that his motion is timely.

explains below, Bailey informs the Court that he truly intended to file *only* a notice of appeal, his filing will revert to such. At that time, the Court would issue a certification that the appeal is untimely and not taken in good faith, pursuant to Fed. R. App. P. 24(a)(3)(A).

## II. Timeliness as a § 2255 Motion

A § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Bailey's motion is not timely, unless he can avail himself of the prisoner mailbox rule. Because Bailey did not file a direct appeal, his conviction became final when the 14-day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Thus, Bailey's conviction became final on October 4, 2012, and the 1-year limit of § 2255(f)(1) passed on October 4, 2013. *United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003); *see also*, *Haroutunian v. I.N.S.*, 87 F.3d 374, 377 (9th Cir. 1996) (3-day grace period of Fed. R. App. P. 26(c) does not apply to Rule 4 appeal deadline); *Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 888 (10th Cir. 1984) (same). Bailey's motion was not filed until October 7, 2013, and is thus not timely—unless, that is, the prisoner mailbox rule applies.

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that

> [a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

So, if Bailey has complied with Rule 3(d), his request will be deemed filed with this Court at the moment it was delivered to prison officials for forwarding to the Clerk of the Court. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001).[2] The envelope in which Bailey's motion arrived was postmarked October 2, 2013. That date, however, is not dispositive, because it

---

[2] *Porchia* dealt with the prisoner mailbox rule found in Fed. R. App. P. 4(c)(1); however, that rule is substantively identical to the rule at issue here, and the Eighth Circuit has generally endeavored to maintain a uniform construction of the mailbox rule regardless of the context in which it arises. *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001).

- 3 -

is unclear if the facility in which Bailey was incarcerated had a separate legal mailing system, and if so, whether Bailey utilized that system in compliance with Rule 3(d). *See Porchia,* 251 F.3d at 1198.

The Court will provide Bailey with an opportunity to demonstrate his compliance with Rule 3(d). *See Grady,* 269 F.3d at 917. Bailey may accomplish this by filing, on or before November 20, 2013, a declaration (in compliance with 28 U.S.C. § 1746) or a notarized statement that attests: (1) that the facility in which he is incarcerated has a separate system designed for legal mail; (2) to the date on which Bailey deposited his motion in that system; and (3) that he prepaid first-class postage. *Porchia,* 251 F.3d at 1198. Absent compliance with Rule 3(d), Bailey's request for relief is not timely, and will be dismissed.[3]

### III. Advisement Regarding § 2255 Motions

Before the Court may treat Bailey's request for relief as a § 2255 motion, two conditions must be satisfied. First, the Court must warn Bailey of the consequences of treating his request as a § 2255 motion. Second, the Court must give him an opportunity to avoid these consequences. *Castro v. United States,* 540 U.S. 375, 382–83 (2003). Bailey is warned: federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. *See* § 2255(h).[4] So, Bailey must do his utmost to include all of his claims for postconviction relief in a single motion. If Bailey has additional grounds for relief he wishes to assert, he should amend his current request to include those claims. Otherwise, he runs the risk of forfeiting his other claims.

Generally, before characterizing a pro se litigant's filing as a § 2255 motion, the Court would also provide the litigant an opportunity to withdraw the motion. *See Castro,* 540 U.S. at 382–83. Where the litigant's initial request for relief was filed within the 1-year period under § 2255(f), the

---

[3] The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States,* 173 F.3d 1131, 1134–35 (8th Cir. 1999), and may be equitably tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing, and the prisoner has otherwise demonstrated diligence in pursing the matter. *United States v. Martin,* 408 F.3d 1089, 1093–95 (8th Cir. 2005). But Bailey has not given the Court any reason to find that the deadline should be tolled in this case.

[4] A second or successive § 2255 motion must be certified, as provided in § 2244, by a panel of the appropriate court of appeals to contain either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. § 2255(h).

litigant would then have time to submit a new motion. In Bailey's case, however, the 1-year period has already run. So, if Bailey were to withdraw his present motion in order to file a new motion at a later date, his later motion would likely be barred as untimely. (Unless, that is, Bailey can show that a different 1-year period of limitation applies, § 2255(f)(2)–(4), or that he is entitled to equitable tolling.) With those consequences in mind, Bailey is still free, of course, to withdraw his present request for relief.

Therefore, the Court will grant Bailey leave to amend or withdraw the present motion. So, Bailey has four options:

1. If Bailey wishes the Court to rule on his current request for relief <u>as submitted</u>, and construed as a § 2255 motion, he shall notify the Court on or before **November 20, 2013**. If Bailey does not respond to this order by November 20, 2013, he will be deemed to have consented to having the present motion treated as a § 2255 motion, and the Court will rule on it as currently submitted.

2. Bailey may inform the Court that he truly intended to file only a notice of appeal. In that event, as noted above, Bailey's notice is not timely, but the Court will not construe the filing as a § 2255 motion. If Bailey wishes to proceed down this route, he should inform the Court by **November 20, 2013**. Otherwise, he will be deemed to have consented to having the present motion treated as a § 2255 motion, and the Court will rule on it as currently submitted.

3. Bailey may <u>withdraw</u> his current motion. If Bailey wishes to withdraw his current motion, he must inform the Court on or before **November 20, 2013**. If the present motion is withdrawn, Bailey may assert a new § 2255 motion within the otherwise applicable statute of limitations. *See* § 2255(f). If Bailey later files a new § 2255 motion, he is directed to use the standard § 2255 form. The Clerk will provide Bailey with a copy of this form.

4. Bailey may <u>amend</u> his current motion. He may amend his current claim for relief, and may also add new claims for relief. If Bailey chooses to amend his motion, he must file an amended § 2255 motion on or before **November 20, 2013**. Bailey may amend his motion by simply amending

his brief as submitted or by using the § 2255 motion form (or by using a combination of the two). The Clerk will provide Bailey with a copy of this form.

IT IS ORDERED:

1. The Clerk of the Court shall redesignate filing 50 as a § 2255 motion, and accordingly, shall not (at this time) process an appeal to the United States Court of Appeals for the Eighth Circuit on the basis of Bailey's purported notice of appeal.

2. As stated above, on or before November 20, 2013, Bailey shall either:

    a. inform the Court that he wishes to proceed with his motion as submitted, and construed as a § 2255 motion;

    b. inform the Court that he wishes to proceed with his filing as a notice of appeal only;

    c. withdraw the current motion; or

    d. submit an amended motion.

    If Bailey does not respond, he will be deemed to have consented to having the present motion treated as a § 2255 motion, and the Court will rule on it as currently submitted.

3. The Clerk of the Court is directed to send a copy of this order and a § 2255 motion form to Bailey at his last known address; and

4. The Clerk of the Court is directed to set a case management deadline with the following text: November 20, 2013: Check for Bailey's response regarding conversion to § 2255.

Dated this 18th day of October, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge