IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   Plaintiff,  vs.  BRENT BAILEY,   Defendant. | 4:12-CR-3034  MEMORANDUM AND ORDER |

    This matter is before the Court on Bailey's *pro se* filing that was originally docketed as a notice of appeal. Filing 50. The Court previously construed that filing as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, and gave Bailey the opportunity to withdraw or amend his motion. *See*, filing 53; *Castro v. United States,* 540 U.S. 375, 382–83 (2003); *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Bailey responded by filing an amended § 2255 motion, which supplements, rather than replaces, his original motion. Filing 55.

    In September 2012, the Court sentenced Bailey to 156 months' imprisonment after he pleaded guilty to receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *See* filings 39, 43, and 44. Bailey does not deny receiving child pornography, which he downloaded using a file-sharing program. Filing 42 at 5–7. However, he maintains that he "did not distribute, attempt to distribute and/or conspire to distribute anything[,]" and that he was therefore "wrongly charged, convicted[,] and sentenced." Filing 50 at 1. Bailey asks the Court to reverse his conviction so that he can be prosecuted by state (as opposed to federal) authorities, in the hopes that he will then be placed in state prison, which he believes will better suit his rehabilitative needs. Alternatively, Bailey requests that the Court reduce his sentence. Bailey's § 2255 motion is now ripe for initial review.[1] For the reasons discussed below, Bailey's motion will be dismissed.

---

[1] *See* Rule 4(b), *Rules Governing Section 2255 Proceedings for the United States District Courts* (standards governing initial review); *see also*, *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

## ANALYSIS

In its previous order, the Court questioned whether Bailey's motion was timely. *See* filing 53; 28 U.S.C. § 2255(f). Even assuming it was, Bailey's claims are barred by his procedural default. Claims not raised on direct appeal are procedurally defaulted and may not be raised under § 2255 unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss*, 252 F.3d 993, 1000 (8th Cir. 2001). Bailey did not appeal his sentence or conviction, and he has neither claimed nor demonstrated either of the exceptions to procedural default. As such, his claims must be dismissed. Assuming, for the sake of argument, that Bailey's claims were properly before the Court, they are nonetheless without merit.

Bailey first contends that he was wrongfully charged and convicted of violating 18 U.S.C. § 2252A(a)(2) because he did not distribute child pornography. But Bailey need not have distributed anything to have violated § 2252A(a)(2). The statute applies to anyone who "knowingly receives or distributes" 18 U.S.C. § 2252A(a)(2) (emphasis supplied); *cf., United States v. Sturm*, 673 F.3d 1274, 1278–80 (10th Cir. 2012); *United States v. Olander*, 572 F.3d 764, 767–70 (9th Cir. 2009).

Bailey also objects (for the first time) to the application of the Sentencing Guidelines in his case.[2] Specifically, Bailey argues that he should not have received a two-level enhancement for distribution under U.S.S.G § 2G2.2(b)(3)(F). Filing 42 at ¶ 27. Bailey asserts that when he "started using the file[-]sharing program, [he] turned off the sharing features that re-upload the downloads," so there is no way he could have distributed any child pornography. Filing 55 at 5. Bailey's claim is contradicted by the record.

According to the presentence investigation report (PSR), Bailey was caught in the first place because investigators determined that an IP address associated with his computer was being used to share child pornography via a file-sharing program. Filing 42 at ¶¶ 11–14. Because Bailey failed to object to the facts stated in the PSR, they are deemed admitted. *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005). Bailey's new version of events is also contradicted by his prior sworn testimony: at his change of plea hearing he admitted his computer was used to share files containing child pornography. Filing 27 at 14–17. Bailey's self-serving and self-contradicting statements to the contrary—which have arrived over a year after his conviction and over 2 years after his offense—do not suffice to contradict the evidence that was

---

[2] To the extent Bailey challenges the applications of the Sentencing Guidelines, he has not stated a claim that is even cognizable under § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). The Court will nonetheless address the substance of Bailey's claim.

before the Court at his sentencing. See *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000).[3]

## CONCLUSION

The Court has completed its initial review of Bailey's § 2255 motion. The files and records conclusively establish that Bailey's claims are without merit, and the Court finds that his motion should be dismissed. Accordingly,

IT IS ORDERED:

1. Bailey's § 2255 motion (filing 50 as amended by filing 55) is dismissed.

2. A separate judgment will be entered; and

3. The Clerk is directed to mail a copy of this memorandum and order to Bailey at his last known address.

Dated this 19th day of December, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[3] The Court notes that Bailey's sentence of 156 months' imprisonment was a significant variance from the suggested Guidelines sentence of 210 to 240 months. Filing 42 at ¶¶ 37, 50, 92. Without the distribution enhancement, the Guidelines range would have been 168 to 210 months—still more than Bailey received.