IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3034 |
| vs. | |
| BRENT BAILEY, | MEMORANDUM AND ORDER |
| Defendant. | |

Currently before the Court are several *pro se* submissions from defendant Brent Bailey: a notice of appeal, a motion for leave to proceed in forma pauperis, a motion to appoint counsel, and a motion for bond. Filings 58, 59, 60, and 61. For the reasons discussed below, the Court finds that Bailey's appeal is frivolous and not brought in good faith, and will therefore deny his motion to proceed in forma pauperis. *See*, 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Bailey's remaining motions will be denied as moot.

## I. BACKGROUND

In September 2012, the Court sentenced Bailey to 156 months' imprisonment after he pleaded guilty to receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *See* filing 44. Over a year later, in October 2013, Bailey filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied in an order and judgment dated December 19, 2013. *See* filings 50, 53, 55, and 56.

## II. ANALYSIS

Bailey filed his current notice of appeal and accompanying motions on July 7, 2014. Filings 58, 59, 60, and 61. Bailey seeks to have his conviction overturned and requests a certificate of innocence. *See* 28 U.S.C. § 2513. He raises several new arguments in support of these requests, which were not included in his § 2255 motion. The Court therefore understands Bailey to be appealing his original conviction and sentence, and not the Court's denial of his § 2255 motion, which he has not mentioned and which concerned separate issues.

A litigant seeking to appeal a judgment must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis. Because Bailey was previously found to be eligible for appointment of counsel, he would normally be allowed to proceed on appeal in forma pauperis without further authorization. Fed. R. App. P. 24(a)(3). But an appeal may not be taken in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

Bailey raises several arguments in his notice of appeal, and the Court finds each to be frivolous. At the outset, the Court notes that Bailey's notice of appeal has arrived extremely late. Pursuant to Fed. R. App. P. 4(b), a criminal defendant's notice of appeal must be filed within 14 days of the entry of judgment. Bailey's notice of appeal comes nearly 2 years after judgment was filed in this case. Bailey has offered no reason for this delay. There is nothing about any of his arguments that suggest they could not have been raised in a timely notice of appeal. The Court questions whether Bailey's appeal can be said to have been brought in good faith when it has arrived so late. But procedure aside, Bailey's grounds for appeal are substantively frivolous.

### A. INSUFFICIENT EVIDENCE - DATE OF OFFENSE

Bailey first asserts that his conviction should be overturned because there was insufficient evidence that he committed any crime during the period alleged in the indictment. He asserts that

> [m]y computer was only a few months old at most when they arrested me on Dec[.] 21, 2011. They allege I committed a crime on or about Oct[.] 8, 2008 and since I didn't even have my computer then, there's absolutely no way they can substantiate a charge let alone a conviction.

Filing 58 at 1.

Bailey's argument misunderstands the nature of the charge against him. The indictment charged that he received child pornography from on or about October 8, 2008 and continuing to on or about December 21, 2011. Filing 1 at 1. The use of "on or about" in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified. *United States v. Youngman*, 481 F.3d 1015, 1019 (8th Cir. 2007). And time is not a material element of a criminal offense unless made so by the statute creating it. *Id*. The date of the offense is not a material element of receipt of child pornography. *See* 18 U.S.C. § 2252A(a)(2). The government only needed to prove that Bailey violated § 2252A at some point between the dates charged, not for the entire duration alleged in the indictment.

Bailey himself supplied the requisite proof—his own sworn statements at his change of plea hearing. Bailey admitted using a computer to download child pornography, and he admitted doing so from approximately October 2008 to December 21, 2011. Filing 27 at 14–18. It does not matter when he did so between those two dates. Bailey has not presented an arguable basis for overturning his conviction.

### B. INSUFFICIENT EVIDENCE - JURISDICTIONAL ELEMENTS

Bailey next argues that the government failed to prove the jurisdictional element of 18 U.S.C. § 2252A(a)(2), because his "internet traffic crossing state lines wasn't documented and proven." Filing 58 at 2. Bailey is mistaken. The jurisdictional element of § 2252A(a)(2) is satisfied if the government proves that any child pornography was received "using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(2). And once more, Bailey's prior sworn testimony provided the requisite proof. At his change of plea hearing, he admitted to downloading child pornography from the Internet, which he agreed was a "means by which you can communicate across state lines." Filing 27 at 17. It does not matter whether Bailey's "internet traffic" actually "cross[ed] state lines" (whatever that means). It is sufficient that he used the Internet to obtain child pornography. *See United States v. Havlik*, 710 F.3d 818, 824 (8th Cir. 2013).

### C. STALE WARRANT

Bailey was arrested following the execution of a search warrant on his residence on December 21, 2011. Presentence Report (PSR) at ¶ 12. He argues that because the indictment alleged he committed a crime on October 8, 2008, but the search warrant was not executed until December 2011, the

warrant was supported by stale information that did not constitute probable cause. Filing 58 at 2–3. But as the Court has already explained, Bailey was charged with committing an offense which continued from October 2008 until December 2011. The beginning date of the indictment has little bearing on whether the evidence supporting the search warrant was stale.

The actual information that supported the officers' application for the warrant is not before the Court. No motion to suppress was filed in this case, and the search warrant was executed by state law enforcement and authorized by a state court. PSR at ¶ 11–12. But based on the information that is available to this Court, it appears the warrant was supported by probable cause, and Bailey has not hinted at the existence of any grounds for finding otherwise.

According to the PSR, beginning in January 2011, investigators with the Nebraska State Patrol observed that a computer associated with Bailey's IP address was sharing child pornography through the Internet. PSR at ¶ 11. If that were the end of the story, Bailey would at least have a colorable argument that the information underlying the warrant was stale, although the argument would likely fail. *See, e.g.*, *United States. v. Estey*, 595 F.3d 836, 840 (8th Cir. 2010) (and cases cited therein).

But there was more. On December 19, 2011, the Nebraska State Patrol received information from a social networking website that an individual using an IP address assigned to Bailey's computer was using the website to have conversations with purported minors, and was asking them to trade pictures.[1] PSR at ¶¶ 12, 18. Bailey was not asking for pictures of their stamp collections—he was aggressively pursuing sexual contact with them.[2] PSR at ¶ 18. It was only then that law enforcement applied for a search warrant. And with that new information in hand, there was certainly probable cause to believe that Bailey's computer would still contain evidence that he had downloaded or shared child pornography. *See, e.g.*, *United States v. Lemon*, 590 F.3d 612, 614–16 (8th Cir. 2010). In sum, Bailey's argument is wholly without merit.

---

[1] Additionally, after the prosecutor recited this background at the change of plea hearing, Bailey and his attorney agreed that such evidence would have gone before a jury, had the case proceeded to trial. Filing 27 at 15–17.

[2] Although these facts were not admitted at the change of plea hearing, the Court has no reason to believe that this evidence would not have come forward at a suppression hearing, had a motion to suppress been filed.

## D. Ineffective Assistance of Counsel

Bailey next asserts that he received constitutionally ineffective assistance of counsel. First, however, he praises his attorney as "very experienced" and stated that he had "stellar litigation abilities." Filing 58 at 3–4. Bailey then claims that, due to an "insurmountable caseload," his attorney was "not able to process this case up to his potential." Filing 58 at 3–4. Bailey asserts that a lawyer under this caseload could not have "argue[d] a single solitary motion." In fact, his attorney filed a motion for variance (filing 33) which was supported by a thorough brief (filing 34), and which the Court sustained, sentencing Bailey to 156 months' imprisonment—a significant variance from the suggested Guidelines range of 210 to 240 months. Filing 42 at ¶¶ 37, 50, 92. Bailey has not suggested any way in which his counsel was actually ineffective, and his conclusory claim lacks any arguable foundation in law or fact.

## E. Cruel and Unusual Punishment

Bailey next argues that the Sentencing Guidelines result in sentences so excessive that they run afoul of the Eighth Amendment's prohibition of cruel and unusual punishment. As the Court has just noted, while Bailey's suggested Guidelines sentence was 210 to 240 months, he was sentenced to 156 months' imprisonment. This sentence does not violate the Eighth Amendment, and neither do the applicable Guidelines.

The Supreme Court has recognized that the Eighth Amendment contains a "'narrow proportionality principle that applies to noncapital sentences.'" *United States v. Meeks*, 756 F.3d 1115, 1120 (8th Cir. 2014) (quoting *Ewing v. California,* 538 U.S. 11, 20 (2003) (O'Connor, J., plurality)). However, it is an extremely rare case where a sentence may be so disproportionate to the underlying crime that it violates the Eighth Amendment. *Id.* Bailey's sentence is not that rare case, and his argument to the contrary is wholly without merit. *See, e.g.*, *United States v. Reingold*, 731 F.3d 204, 220–21 (2d Cir. 2013); *United States v. Kiderlen*, 569 F.3d 358, 369 (8th Cir. 2009); *United States v. Weis,* 487 F.3d 1148, 1154 (8th Cir. 2007); *United States v. Atteberry,* 447 F.3d 562 (8th Cir. 2006).

Bailey also suggests that conditions in the Bureau of Prisons (BOP) are "inhumane" due to crowding, a lack of rehabilitative resources, and the presence of violent and dangerous inmates. Filing 58 at 5–6. He argues that forcing a "first-time felon" such as himself to serve his sentence in a BOP facility is therefore cruel and unusual punishment. Filing 58 at 6.

Bailey appears to be suggesting that it is *per se* unconstitutional to sentence offenders such as himself to imprisonment in a federal facility.

Bailey has offered no arguable basis in law or fact to support this argument, which the Court finds to be wholly without merit. To the extent that Bailey seeks to challenge the actual conditions of *his* confinement (which his vague allegations do not address), an appeal of his conviction is not the appropriate forum.

### F. MALICIOUS PROSECUTION

Finally, Bailey asserts that he was subject to "malicious prosecution," because, he claims, there was not enough evidence to charge him, let alone obtain a conviction. Filing 58 at 4–5. But malicious prosecution is a state-law tort, *see McKinney v. Okoye,* 806 N.W.2d 571, 577 (Neb. 2011), and does not (without something more) implicate constitutional grounds that could provide a basis for overturning Bailey's conviction. *Cf. Kohl v. Casson,* 5 F.3d 1141, 1145 (8th Cir. 1993). To the extent Bailey is attempting to raise a claim of *vindictive* prosecution, he has failed. Bailey bears the burden of showing that his prosecution was vindictive, and that burden is a heavy one, in light of the discretion prosecutors are given in performing their duties. *United States v. Stroud,* 673 F.3d 854, 859 (8th Cir. 2012). And the gist of Bailey's argument—that there was insufficient evidence to charge or convict him—is wholly without merit, as the Court has already explained.

### III. CONCLUSION

The Court has carefully reviewed each of the grounds for appeal raised in Bailey's notice of appeal, and finds each to be frivolous and not taken in good faith. Bailey will be denied in forma pauperis status. Bailey may seek review of this determination from the Court of Appeals for the Eighth Circuit by filing a motion in the Court of Appeals pursuant to Fed. R. App. P. 24(a)(5). Any such motion must be filed within 30 days of service of this Memorandum and Order. Fed. R. App. P. 24(a)(5). Bailey's motions to appoint counsel and for a bond (filings 60 and 61) are denied as moot. If Bailey wishes to have these motions heard, he should re-file them before the Court of Appeals.

IT IS ORDERED:

1. The Court finds that Bailey is not entitled to proceed in forma pauperis on appeal. Bailey's motion to proceed in forma pauperis (filing 59) is denied.

2. The Clerk of the Court is directed to forward a copy of this memorandum and order to the Court of Appeals for the

    Eighth Circuit, and to mail a copy to the defendant at his address of record.

3.     Bailey's motion to appoint counsel and motion for a bond (filings 60 and 61) are denied as moot.

Dated this 16th day of September, 2014.

                                         BY THE COURT:

                                         *John M. Gerrard* (signature)

                                         John M. Gerrard
                                         United States District Judge