IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3034 |
| vs. | |
| BRENT BAILEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on several motions filed by the defendant, Brent Bailey. Each motion will be denied.

Bailey was charged on March 20, 2012 with one count of receiving and distributing of child pornography, in violation of 18 U.S.C. § 2252A, and one count of knowingly possessing visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252. Filing 1. On June 21, Bailey pled guilty to Count I of the Indictment. Filing 23. Bailey specifically admitted that he was using his computer on the Internet to locate and download child pornography, and admitted that he had conversations with purported minors asking to trade pictures. Filing 27 at 15-17. The Court ultimately sentenced Bailey to 156 months' imprisonment. Filing 44.

### DISCOVERY MOTIONS

Two of the motions Bailey has filed are discovery motions. Filings 105 and 113. In one motion, Bailey asks that the government be compelled to produce information relating to the manufacture and sale of the computer used to commit the offense. Filing 105. In the other, he asks that the government be compelled to produce a questionnaire mentioned in a Nebraska State Patrol police report. Filing 113.

But Bailey has no right to discovery. The principles of *Brady v. Maryland*, 373 U.S. 83 (1963), upon which Bailey relies, do not apply in the context of postconviction relief. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009). A petitioner seeking postconviction relief is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner may only be allowed discovery to the extent that the Court, in the exercise of its discretion and for good cause shown, grants leave to conduct it. *See id.* (citing Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District

Courts); *see also* Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

But there is no good cause here. To begin with, Bailey has no pending 28 U.S.C. § 2255 motion, and in the absence of such a motion, discovery is unwarranted. *See United States v. Barnett*, 389 F. App'x 575, 575 (8th Cir. 2010). But even if Bailey had permission to file a successive § 2255 motion,[1] no cause for discovery has been shown.

His theory regarding information about his computer seems to be that he must be innocent because his computer had not been constructed in 2008, when he is alleged to have committed the offense. Filing 105 at 1, 4. But he was actually charged with committing the offense "From at least on or about October 8, 2008, and continuing to on or about December 21, 2011," filing 1, meaning that the computer's date of manufacture and sale would prove nothing. The law is clear that the use of "on or about" in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified. *United States v. Kenyon*, 397 F.3d 1071, 1078 (8th Cir. 2005). And Bailey's computer had obviously been made and sold before December 21, 2011 because it was seized from him on that date. Filing 42 at 5-6.

Bailey's other discovery motion asks for:

> The "Questionnaires" in question that are mentioned in report, IR#H11-22474, on Page 4 of 26, that is a report by Brandon Sorgenfrei #687 of the Nebraska State Patrol, and specifically as addressed in the report, "see attached questionnaires" that were conveniently left out of the packet I requested for Discovery.

Filing 113. The Court has no idea what is being requested, and therefore finds that cause for discovery has not been shown.

### MOTION FOR MENTAL HEALTH COMMITMENT

Bailey also moves to have himself committed to a mental health facility, pursuant to 18 U.S.C. § 4245. Filing 111. But § 4245 provides for the involuntary commitment of a prisoner on the *government's* motion, over the prisoner's objection. *See* § 4245(a). It provides no authority for the Court to direct the Bureau of Prisons to transfer a prisoner to a treatment facility.

### MOTION TO RECOMMEND INCARCERATION IN NEBRASKA

At sentencing, the Court recommended that the defendant be incarcerated in a federal facility as close to North Platte, Nebraska as

---

[1] His first § 2255 motion was denied in December 2013. Filing 56.

possible. Filing 44 at 2. Bailey asks the Court to "clarify & expand" on that recommendation and "designate the Nebraska Department of Corrections" as the recommended location. Filing 108.

The Court declines to do so, for two reasons. First, that would not "clarify & expand" the Court's recommendation: it would materially alter it, because the Court recommended incarceration in a *federal* facility. And the Court's authority to amend a judgment is extremely limited. *See, e.g.*, *United States v. Bettelyoun*, 373 F. App'x 661, 662 (8th Cir. 2010). Second, such an amendment would have no effect: "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

### MOTION TO COMPEL TRANSFER OF CASE FILE

Bailey moves the Court to compel his counsel to send him his entire case file, instead of the "mere discovery file" with which he was apparently provided. Filing 112. A member of the Nebraska bar is ethically required to protect a client's interests, including the surrender of papers and property to which the client is entitled. See Neb. Ct. R. of Prof. Cond. § 3-501.16(d). But Bailey's motion gives the Court no reason to believe that counsel has failed to comply with that obligation in all respects. Bailey has not explained what he wants or why he wants it, nor has he articulated any legal basis for his demand. Accordingly, it will be denied.

### MOTION FOR JUDGMENT OF ACQUITTAL

Bailey also moves for a judgment of acquittal, or a new trial, pursuant to Fed. R. Crim. P. 29. Filing 118. His argument seems to be based on his previously rejected claims regarding the manufacture of his computer, as well as a number of purported defects in the execution of the search warrant which led to his arrest. Filing 119. But his Rule 29 motion is untimely, because such a motion must be brought "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Rule 29(c)(1). And the Court has no authority to grant a motion for judgment of acquittal filed outside the time limit prescribed by Rule 29(c). *Carlisle v. United States*, 517 U.S. 416, 433 (1996).

### MOTION FOR APPOINTMENT OF COUNSEL

Finally, Bailey moves for appointment of counsel. Filing 110. But he has no right to counsel, and therefore, whether to appoint counsel is committed to the Court's discretion. *See United States v. Harris*, 568 F.3d 666, 668-69 (8th Cir. 2009). Because nothing Bailey has filed provides even

the slightest indication of a meritorious legal claim, the Court finds no basis to appoint counsel to represent him.

IT IS ORDERED:

1. Bailey's Motion to Compel (filing 105) is denied.

2. Bailey's Motion to Clarify and Expand on Judicial Recommendation (filing 108) is denied.

3. Bailey's Motion to Appoint Counsel (filing 110) is denied.

4. Bailey's Motion for Mental Health Commitment (filing 111) is denied.

5. Bailey's Motion to Compel (filing 112) is denied.

6. Bailey's Motion to Compel (filing 113) is denied.

7. Bailey's Motion for Acquittal (filing 118) is denied.

Dated this 16th day of December, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge