IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3034 |
| vs. | |
| BRENT BAILEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on several motions filed by the defendant, Brent Bailey. Bailey's motion for "speedy disposition" of his motions (filing 123) will be granted, and his remaining motions will be denied.

Bailey was charged on March 20, 2012 with one count of receiving and distributing of child pornography, in violation of 18 U.S.C. § 2252A, and one count of knowingly possessing visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252. Filing 1. On June 21, Bailey pled guilty to Count I of the Indictment. Filing 23. Bailey specifically admitted that he was using his computer on the Internet to locate and download child pornography, and admitted that he had conversations with purported minors asking to trade pictures. Filing 27 at 15-17. The Court ultimately sentenced Bailey to 156 months' imprisonment. Filing 44.

MOTION TO DISQUALIFY

Bailey moves for disqualification of the undersigned pursuant to 28 U.S.C. § 144. Filing 124. That section provides that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

*Id.* But an affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge.[1] *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970). To be legally sufficient, an affidavit must allege bias or prejudice, and such bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984); *see Liteky v. United States*, 510 U.S. 540, 545-47 (1994).

The only grounds for disqualification Bailey identifies are the Court's alleged interest in affirming its own judgment, and that the undersigned has "made judgments" that are "contradicted by the record" and "contradicted by his other judgments in this very case." Filing 124. Bailey does not identify those "judgments" or contradictions, nor would it matter if he did: the Court's rulings are not an "extrajudicial" source of bias. A court's ruling on a question of law does not show the personal bias required for disqualification. *Anderson*, 433 F.2d at 860.

In addition, Bailey's motion is clearly untimely. An affidavit seeking disqualification "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. The burden is on the affiant to show good cause for failing to file a timely motion. *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992). Bailey has articulated no basis for good cause.

When an affidavit does not meet the requirements imposed by law, the judge has an obligation not to disqualify himself. *Anderson*, 433 F.2d at 860. Bailey's motion to disqualify (filing 124) will be denied.

## MOTION FOR APPOINTMENT OF COUNSEL

Bailey moves for appointment of counsel. Filing 125. But he has no right to counsel, and therefore, whether to appoint counsel is committed to the Court's discretion. *See United States v. Harris*, 568 F.3d 666, 668-69 (8th Cir. 2009). Bailey contends that the proceedings "stemming from these motions are going to be so varied and complex that denial of counsel would amount to denial of Due Process." Filing 125. Bailey is wrong: these proceedings are neither varied nor complex, because Bailey's motions have no merit. The Court finds no reason to appoint counsel to represent him.

---

[1] The Court notes that it is appropriate for the undersigned to evaluate the sufficiency of the affidavit. *See, Berger v. United States*, 255 U.S. 22, 32-34 (1921); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

PETITION FOR WRIT OF HABEAS CORPUS

Bailey has filed what he styles as a "Petition for A Writ of Habeas Corpus (28 U.S. § 2241) [sic]." Filing 126. In it, he presents a mix of purported constitutional claims: some challenge the validity of his conviction and sentence, some challenge the conditions of his confinement, and some challenge the location of his confinement. *See* filing 126.

To the extent that Bailey is challenging his conviction and sentence, then his claim is properly entertained in a 28 U.S.C. § 2255 petition before this Court. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). That is, it would be properly entertained if Bailey had not already filed a petition pursuant to § 2255 and had that petition denied. Filing 50; filing 55; filing 57. And as Bailey knows, a second or successive § 2255 motion may not be filed without appellate court approval in the manner provided in 28 U.S.C. § 2244. If he wants to file a second § 2255 motion, he must seek leave to do so from the U.S. Court of Appeals for the Eighth Circuit, in the manner provided in 28 U.S.C. § 2244.

To the extent that Bailey is challenging the conditions or location of his confinement, those claims may be cognizable under 28 U.S.C. § 2241. *See Nichols*, 553 F.3d at 649. But a § 2241 petition must be brought in the jurisdiction of incarceration. *Id.*; *Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir. 1995). In this case, that would be the Eastern District of Virginia. This Court has no jurisdiction over such a petition. *See Bell*, 48 F.3d at 1043.

Bailey's petition can be construed as arising under either § 2255 or § 2241. But either way, the Court cannot consider it, and it will be dismissed.

MOTION FOR RETURN OF PROPERTY AND SUPPRESSION OF EVIDENCE

Next is Bailey's motion for return of seized property and suppression of evidence Filing 127. Bailey's complaints relate to the search that led to his arrest and indictment: essentially, Bailey challenges the affidavit supporting issuance of the search warrant and the manner in which the warrant was executed. *See* filing 127; *see also* filing 131.

Bailey's argument that evidence against him should be suppressed pursuant to Fed. R. Crim. P. 12 is nonsensical: because Bailey pled guilty, no evidence was ever presented against him at trial, and if there was evidence to be suppressed, the time for doing so is long past. Bailey's claim for the return of seized property *might* warrant a hearing, or at least a response from the government, *if* he showed that non-contraband, non-forfeited property was seized from him and not returned. *See Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). But the Court cannot find that even this minimal

burden was met when Bailey has not identified the property supposedly at issue.² *See* filing 127.

Because Bailey has alleged no basis for suppression or return of seized property, his motion will be denied.

### MOTION FOR JUDGMENT OF ACQUITTAL

Bailey also moves for a judgment of acquittal, or a new trial, pursuant to Fed. R. Crim. P. 29. Filing 128. His argument seems to be based on previously-rejected claims of factual innocence as well as the alleged defects in the execution of the search warrant which led to his arrest. *See* filing 131. Bailey also claims that he was not mentally competent when he committed the offense, when he pled guilty, or at sentencing. *See* filing 128; filing 131.

But his Rule 29 motion is untimely, because such a motion must be brought "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Rule 29(c)(1). And the Court has no authority to grant a motion for judgment of acquittal filed outside the time limit prescribed by Rule 29(c). *Carlisle v. United States*, 517 U.S. 416, 433 (1996). Bailey's motion will be denied.

### MOTION TO COMPEL CUSTODY NEAR LINCOLN

Bailey moves the Court for "an order commanding the United States Marshal Service to keep Mr. Bailey within 5 Miles of the City Limits of Lincoln." Filing 129. But the Court has no authority to tell the Bureau of Prisons where to house a prisoner. 18 U.S.C. § 3621(b). Bailey's presence in court is not required, so a writ of habeas corpus ad prosequendum is not available. *See* § 2241(c)(5). And the only legal basis articulated for the motion is that, according to Bailey, he needs to be near his counsel in order to avoid violating his "right to counsel." As noted above, Bailey has no such right. *See Harris*, 568 F.3d at 668-69. Nor does he have counsel. Therefore, his "motion to compel" (filing 129) will be denied.

### MOTION FOR CERTIFICATE OF INNOCENCE

Finally, Bailey moves the Court for a certificate of innocence. Filing 130. He has also filed a lengthy affidavit in which he complains about various aspects of the indictment, search warrant, search, assistance of counsel, and his own mental health. Filing 131.

But to obtain a certificate of innocence, Bailey must allege and prove that his conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted; his acts, deeds, or omissions

---

² Bailey's attempt to refer to "Discovery Documents," *see* filing 127, is not meaningful to the Court, which has no such documents.

in connection with such charge constituted no offense against the United States, or any State; and he did not by misconduct or neglect cause or bring about his own prosecution. *See*, 28 U.S.C. § 2513(a); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 712 (8th Cir. 2009). Even a reversal of a criminal conviction based on insufficiency of the prosecution's evidence does not entitle a defendant to a certificate of innocence. *Racing Servs.*, 580 F.3d at 712. And in this case, Bailey's conviction still stands. Accordingly, he is not entitled to a certificate of innocence, and his motion will be denied.

IT IS ORDERED:

1. Bailey's motion for "speedy disposition" (filing 123) is granted.

2. Bailey's motion to disqualify (filing 124) is denied.

3. Bailey's motion to appoint counsel (filing 125) is denied.

4. Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (filing 126) is dismissed.

5. Bailey's motion for return of property and suppression of evidence (filing 127) is denied.

6. Bailey's motion for acquittal (filing 128) is denied.

7. Bailey's motion to compel the United States Marshal to jail him near Lincoln (filing 129) is denied.

8. Bailey's motion for a "certificate of innocence" (filing 130) is denied.

Dated this 6th day of April, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge