IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

BRENT BAILEY,

           Defendant.

4:12-CR-3034

ORDER

     This matter is before the Court on documents presented by the defendant that the Court has, at the direction of the Clerk of Court of the U.S. Court of Appeals for the Eighth Circuit, filed as a notice of appeal (filing 134). Because the defendant was previously found to be eligible for appointment of counsel, he would normally be allowed to proceed on appeal *in forma pauperis* without further authorization. Fed. R. App. P. 24(a)(3). But an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

     An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed *in forma pauperis* unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

     The Court has carefully examined the defendant's filing as it relates to the Court's Memorandum and Order of April 6, 2016 (filing 132) (which is the only ruling as to which the defendant's "notice of appeal" would be timely). The Court finds no legal points that have any arguable merit. Accordingly, the Court finds that the defendant's appeal is not taken in good faith, and that he is not entitled to proceed *in forma pauperis*.

     The defendant is advised that he may seek review of the Court's decision pursuant to Fed. R. App. P. 24(a)(5). But the Court notes some authority suggesting that at least some of his claims may present a "civil

action" within the meaning of 28 U.S.C. § 1915. *See*, *United States v. Jones*, 215 F.3d 467, 468-69 (4th Cir. 2000) (motion for return of property); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citing *Falcon v. United States Bureau of Prisons,* 52 F.3d 137, 138 (7th Cir. 1995)) (location of confinement). The defendant is therefore cautioned that should he seek review of the Court's decision by the Court of Appeals pursuant to Fed. R. App. P. 24(a)(5), the filing of that motion *might* result in the immediate assessment of appellate filing fees under 28 U.S.C. § 1915(b). *See Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

IT IS ORDERED:

1. The defendant's appeal is not taken in good faith, and he is not entitled to proceed *in forma pauperis* on appeal.

2. The Clerk of the Court is directed to forward a copy of this order to the Eighth Circuit Court of Appeals.

Dated this 3rd day of May, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge