IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>BRENT BAILEY,<br><br>                Defendant. | 4:12-CR-3034<br><br>ORDER |

    This matter is before the Court on the defendant's notice of appeal (filing 159), in which the defendant is attempting to appeal from the Court's judgment (filing 44) of September 20, 2012. The Clerk of the Court has issued two memos regarding the purported notice of appeal. In the first memo (filing 160), the clerk notes that the defendant's notice of appeal (filing 159) is untimely, and advises that the appeal will not be forwarded to the Eighth Circuit until a ruling has been made on the issue of timeliness. In the second memo (filing 161), the clerk inquires whether the defendant will be allowed to proceed *in forma pauperis* (IFP) on appeal.

    While the defendant's notice of appeal was not filed within 14 days after entry of judgment, and thus is untimely under Fed. R. App. P. 4(b), *United States v. Watson* holds that Rule 4(b) is a non-jurisdictional claim processing rule. 623 F.3d 542, 545-46 (8th Cir. 2010). The clerk therefore will be directed to forward the appeal to the Eighth Circuit.

    Regarding the defendant's IFP status, the Court notes that because the defendant was previously found to be eligible for appointment of counsel, he would normally be allowed to proceed on appeal IFP without further authorization. Fed. R. App. P. 24(a)(3). But an appeal may not be taken IFP if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

    An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed IFP unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See*, *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

The Court has carefully examined the defendant's filing (filing 159), and the Court finds no arguable merit, particularly when the defendant's long history of frivolous litigation is considered. Accordingly, the Court finds that the defendant's appeal is not taken in good faith, and that he is not entitled to proceed IFP. The defendant may seek review of that decision pursuant to Fed. R. App. P. 24(a)(5).

IT IS ORDERED:

1. The Clerk of the Court shall forward the defendant's appeal to the Eighth Circuit Court of Appeals.

2. The defendant's appeal is not taken in good faith, and he is not entitled to proceed *in forma pauperis* on appeal.

3. The Clerk of the Court is directed to forward a copy of this order to the Eighth Circuit Court of Appeals.

Dated this 4th day of April, 2017.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge