IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:12-CR-3034 |
| vs. | |
| BRENT BAILEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on several motions filed by the defendant, Brent Bailey. Bailey's motions will be denied.

First, Bailey has filed a "Motion to Correct Clerical Error" (filing 177), reiterating his assertion that there is a clerical error in the judgment. He has made that claim before. Filing 155; filing 172. And the Court has rejected his claim before. Filing 158; filing 173. The Court will reject his claim again, for the same reason: there is no error. *See* filing 158 (citing *United States v. Thompson*, 560 F.3d 745, 748 (8th Cir. 2009)).

Bailey has also filed an "Application for Certificate of Appealability" (filing 180), seeking "a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)." As support for his application, he reasserts several well-worn claims of factual innocence and violation of his constitutional rights, most of which have been rejected by the Court before in one way or another. *See* filing 56; filing 63; filing 120; filing 158. But the primary problem is that there is no judgment from which an appeal can be certified by the Court. A certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is only required, as relevant here, for an appeal of the Court's denial of a 28 U.S.C. § 2255 motion. *See Nelson v.*

*United States*, 297 F. App'x 563, 566 (8th Cir. 2008). The only § 2255 motion of Bailey's that the Court has disposed of was filed and denied in 2013. *See* filing 50; filing 53; filing 55; filing 56. Bailey did not file a timely notice of appeal from that ruling. But he did file an *untimely* notice of appeal (filing 58), and the Eighth Circuit dismissed his appeal as untimely. Filing 91. The Court is not going to certify another appeal from a nearly-4-year-old ruling that was already appealed once to no avail, nor is a certificate of appealability appropriate for anything the Court has done since them.

Next, Bailey has filed a "Motion for Appointment of Counsel" (filing 179), invoking the Sixth and Eighth Amendments to the Constitution, and the Criminal Justice Act, 18 U.S.C. § 3006A. But the Sixth Amendment right to counsel does not extend beyond the first appeal of a criminal conviction. *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). And the Eighth Amendment confers no such right at all. *See Murray v. Giarratano*, 492 U.S. 1, 10 (1989). So, whether to appoint counsel is committed to the Court's discretion. *See United States v. Harris*, 568 F.3d 666, 668-69 (8th Cir. 2009). Bailey has no pending motion warranting appointment of counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(a)(2)(B). Nor can the Court discern any non-frivolous basis in the record for such a motion. So, the Court will deny Bailey's motion for appointment of counsel.

Finally, Bailey has filed a "Motion for En Banc Evidentiary Hearing" (filing 178), asking for a hearing on all the motions he filed. But none of his motions present a factual issue requiring an evidentiary hearing of any kind.

IT IS ORDERED:

1. Bailey's "Motion to Correct Clerical Error" (filing 177) is denied.

2. Bailey's "Motion for En Banc Evidentiary Hearing" ([filing 178](filing 178)) is denied.

3. Bailey's "Motion for Appointment of Counsel" ([filing 179](filing 179)) is denied.

4. Bailey's "Application for Certificate of Appealability" ([filing 180](filing 180)) is denied.

Dated this 18th day of October, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge