IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

BRENT BAILEY,

          Defendant.

4:12-CR-3034

ORDER

      This matter is before the Court on the defendant's notice of appeal (filing 194), in which the defendant is attempting to appeal from "**ALL** Final Judgments –and– Orders" entered by the Court. The Court has entered no appealable judgments for some time, and certainly not in the past 14 days, meaning that the defendant's notice of appeal is untimely under Fed. R. App. P. 4(b). But Rule 4(b) is a non-jurisdictional claim processing rule, *United States v. Watson,* 623 F.3d 542, 545-46 (8th Cir. 2010), so the Clerk of the Court will be directed to forward the appeal to the Eighth Circuit.

      The defendant has also asked to proceed in forma pauperis (IFP) on appeal, and because the defendant was previously found to be eligible for appointment of counsel, he would normally be allowed to proceed on appeal IFP without further authorization. Fed. R. App. P. 24(a)(3). But an appeal may not be taken IFP if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

      An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed IFP unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant.

*Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

The Court has carefully examined the defendant's filing (filing 194), and the Court finds no arguable merit to the issues the defendant seeks to raise in his untimely appeal, particularly when the defendant's long history of frivolous litigation is considered. Accordingly, the Court finds that the defendant's appeal is not taken in good faith, and that he is not entitled to proceed IFP. The defendant may seek review of that decision pursuant to Fed. R. App. P. 24(a)(5).

The defendant also asks for appointment of counsel. But the Sixth Amendment right to counsel does not extend beyond the first appeal of a criminal conviction. *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). So, whether to appoint counsel is committed to the Court's discretion. *See United States v. Harris*, 568 F.3d 666, 668-69 (8th Cir. 2009). Because the Court cannot discern any non-frivolous basis in the record for the defendant's appeal, the Court will deny his motion for appointment of counsel.

IT IS ORDERED:

1. The Clerk of the Court shall forward the defendant's appeal to the Eighth Circuit Court of Appeals.

2. The defendant's motion to proceed *in forma pauperis* on appeal (filing 194) is denied.

3. The defendant's request for appointment of counsel is denied.

4. The Clerk of the Court is directed to forward a copy of this order to the Eighth Circuit Court of Appeals.

Dated this 23rd day of March, 2018.

BY THE COURT:

*signature*

John M. Gerrard
United States District Judge