IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3034 |
| vs. | |
| BRENT BAILEY, | ORDER |
| Defendant. | |

The defendant has filed a motion for a mental examination pursuant to 18 U.S.C. § 4245. Filing 213 at 1. The caption for his motion additionally refers to 18 U.S.C. § 4241 and 18 U.S.C. § 4246. Filing 213 at 1. But none of those sections are pertinent to the defendant's situation.

The defendant alleges that he was transported from a halfway house and "return to custody due to mental illness." Filing 213 at 2. The Court infers that the defendant, approaching his release date, was sent to a transitional community correctional facility, but returned to Leavenworth for some reason. But the defendant doesn't seem to be objecting to that—rather, it seems as though he wants to be sent someplace else for medical treatment. *See* filing 213 at 1. It's not entirely clear.

But regardless, there's no legal basis for the request. 18 U.S.C. § 4241 permits the Court to order a mental competency hearing on motion "after the commencement of a prosecution for an offense and prior to the sentencing of the defendant" or "after the commencement of probation or supervised release and prior to the completion of the sentence." The defendant has been sentenced and is not on supervised release, so that section doesn't apply.

Pursuant to 18 U.S.C. § 4245(a),

> If a person serving a sentence of imprisonment objects either in writing or through his attorney to being transferred to a suitable facility for care or treatment, an attorney for the Government, at the request of the director of the facility in which the person is imprisoned, may file a motion with the court for the district in which the facility is located for a hearing on the present mental condition of the person.

But such a motion must be filed by "an attorney for the Government," which the defendant is not, and must be filed in the Court for the district in which the defendant is imprisoned, which this isn't either. *See id*.

And finally, 18 U.S.C. § 4246 provides for a hearing—again in the Court for the district in which a defendant is confined—if a person about to be released is mentally ill and dangerous, upon a certificate from the director of the facility in which the defendant is hospitalized. But the Court has received no such certificate, and again the defendant is not confined in this district.

The defendant has identified no legal basis for this Court to order an evaluation of his mental competency at this time. Accordingly,

IT IS ORDERED that the defendant's motion for a mental examination (filing 213) is denied.

Dated this 16th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge